1  Edward D. Vaisbort, Esq.
   (SBN 6153)
2  **MICHELMAN & ROBINSON, LLP**
   10880 Wilshire Blvd., 19th Floor
3  Los Angeles, CA 90024
   Telephone: (310) 564-2670
4  Facsimile: (310) 564-2671
   *Attorneys for Plaintiff,*
5  *DCR MORTGAGE 1, LLC*

6
   John P. Desmond, Esq.
7  (SBN 5618)
   Justin J. Bustos, Esq.
8  (SBN 10320)
   **DICKINSON WRIGHT, PLLC**
9  8363 West Sunset Rd., Suite 200
   Las Vegas, NV 89113
10 *Attorneys for Plaintiff,*
   *DCR MORTGAGE 1, LLC*
11

12

13            **UNITED STATES DISTRICT COURT**

14               **DISTRICT OF NEVADA**

15

16 DCR MORTGAGE 1, LLC, a Delaware          Case No.:
   Limited Liability Company,
17                                          **COMPLAINT FOR BREACH OF**
                                            **WRITTEN GUARANTY AGREEMENT**
           Plaintiff,
18

19         vs.

20 GARY L. SYLVER, an individual, and
   DOES 1-10, inclusive,
21

22            Defendants.

23

24

25

26

27

28

---

**COMPLAINT**

**426062**

Plaintiff DCR MORTGAGE 1, LLC ("Plaintiff") alleges its complaint for breach of written guaranty against Defendant GARY L. SYLVER ("Defendant") as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the parties are citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.  The case involves breach of a loan guaranty, where the underlying loan as described in greater detail herein was in the principal amount of $3,185,000.00, and the amount outstanding on Defendant's guaranty of said loan is $1,531,823.87, an amount well in excess of seventy-five thousand dollars ($75,000.00).

2.     Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the majority of underlying acts and the breach occurred in Clark County, Nevada.

## PARTIES

3.     Plaintiff DCR MORTGAGE 1, LLC was at all times a limited liability company formed under the laws of the state of Delaware, with its principal office in Florida.

   a.     The members of Plaintiff are Kijomo, LLLP, a Delaware limited liability limited partnership, and five individuals.  The individuals are residents of Florida and California.

   b.     The members of Kijomo, LLLP are four individuals, all residents of Florida.

4.     Defendant GARY L. SYLVER is an individual residing in Las Vegas, Nevada.

## GENERAL ALLEGATIONS

5.     On or around October 10, 2006, Allied Mortgage & Financial Corporation ("Allied Mortgage") issued Pama Lane Holding Corporation ("Pama Lane") a loan in the amount of $3,185,000.00 (the "Loan").  The terms of the Loan were set forth in the Commercial Balloon Promissory Note to Allied Mortgage (the "Note"), which is attached hereto as Exhibit A and incorporated herein by reference.  The Loan was secured by the following:

   a.     Two parcels located at 2020 Pama Lane, Las Vegas, Nevada, 89119 (the "Property"),

///

**COMPLAINT**

426062

1        b.     A Continuing and Unconditional Guaranty by Defendant, the President of

2 Pama Lane (the "Sylver Guaranty"); and

3        c.     A Continuing and Unconditional Guaranty by Randall Robirds, an owner of

4 Pama Lane.

5     6.     Beginning in December 2007 and every month thereafter, Pama Lane failed to make

6 payments due upon the Loan pursuant to the payment terms set forth in the Note.

7     7.     To address this default, on or around June 25, 2008, the Loan was modified pursuant

8 to a Mortgage Modification Agreement, which established a new payment plan.  The Mortgage

9 Modification Agreement is attached hereto as Exhibit B and incorporated herein by reference.  The

10 principal balance on the Loan of $3,185,000.00 remained unpaid.  Under the new terms, the Loan

11 was set to mature on December 17, 2008 with the balance to be paid off on that date.

12     8.     Pama Lane failed to make the required payments pursuant to the terms of the

13 Mortgage Modification Agreement.

14     9.     On or around June 17, 2010, the Loan was modified once again in a Memorandum

15 of Modification of Note and Deed of Trust, which is attached hereto as Exhibit C and incorporated

16 herein by reference.  The principal balance on the Loan of $3,185,000.00 was still unpaid.  The

17 maturity date of the Loan was extended to May 17, 2013.

18     10.    On or around July 12, 2012, Allied Mortgage assigned the Loan to DCR Mortgage

19 IV Sub III, LLC ("DCR IV"), a Delaware limited liability company.  The assignment agreement is

20 attached hereto as Exhibit D and incorporated herein by reference.

21     11.    When the Loan matured yet again on May 17, 2013, Pama Lane once again failed to

22 pay the balance.

23     12.    On June 19, 2013, DCR IV notified Pama Lane that it was again in default of the

24 Loan.  At that time, Pama Lane owed DCR IV a total of $3,188,975.08 for the outstanding principal

25 balance of the loan, interest owed, and miscellaneous fees.

26     13.    On or around October 6, 2014, Pama Lane filed for Chapter 11 Bankruptcy.  The

27 Loan was included as a liability, and the Property was included as an asset.  A Court ordered the

28 sale of the Property on or about August 21, 2015 for a total amount of $1,860,000, of which DCR

IV would receive $1,774,538.47.

**COMPLAINT**

**426062**

14.     On September 2, 2015, DCR IV entered into a forbearance agreement (the "Sylver Agreement") with Defendant regarding his personal guaranty of the Loan.  They Sylver Agreement is attached hereto as Exhibit E and incorporated herein by reference.  At the time that the Sylver Agreement was executed, a deficit balance of $1,531,823.27 remained unpaid pursuant to the loan obligations and the Sylver Guaranty.  Pursuant to the terms of the Sylver Agreement, DCR IV agreed to forbear exercising remedies against Defendant arising from obligations made in the Note and the Sylver Guaranty in exchange for Defendant's agreement to timely make monthly payments of $6,084.36 for thirty-six months, commencing on the date of the Sylver Agreement.

15.     Defendant never made any of the monthly payments as set forth in the Sylver Agreement.  To date, Defendant has not complied with any of the terms of the Note, the Sylver Guaranty or the Sylver Agreement.

16.     On November 4, 2015, Defendant was notified that he was in default and owed a deficit balance of $1,531,823.87 plus the fees incurred in pursuing Defendant's compliance.

17.     On November 30, 2015, DCR IV transferred all rights and obligations owed to it pursuant to the Note and the Guaranty, including all right in the Sylver Agreement to Plaintiff.

18.     The deficit balance of the Sylver Agreement remains unpaid.

### FIRST CAUSE OF ACTION

### (By Plaintiff against Defendant for Breach of Written Guaranty)

19.     Plaintiff refers to and herein incorporates each of the foregoing, as if fully set forth herein.

20.     Defendant, pursuant to the Guaranty, as modified by the Sylver Agreement, agreed to guarantee all of Pama Lane's obligations under the Loan.

21.     Plaintiff has performed all covenants, conditions, and obligations on its part to be performed pursuant to the Note and all subsequent modifications, the Sylver Guaranty, and the Sylver Agreement.

22.     Pama Lane did not repay the Loan upon maturity, and Defendant has not paid the obligation now due pursuant to the terms of the Sylver Guaranty. This failure to pay constitutes a breach of the material terms of the Sylver Guaranty.

23.    As a result of Defendant's breach of the Sylver Guaranty, as modified by the Sylver Agreement, Plaintiff is entitled to repayment of the deficit balance of the Loan, late fees incurred as a result of Pama Lane's multiple defaults, as well as the costs associated with pursuing Pama Lane's and Defendant's compliance.

24.    It has been necessary for Plaintiff to employ attorneys to prosecute this action, and Plaintiff should be permitted to recover its attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    For the principal amount owed under the Loan, plus late charges, interest and collection costs, according to proof;

2.    For attorneys' fees and costs, according to proof at trial, or by subsequent motion.

3.    For additional sums, if any that Plaintiff hereafter expends to protect its interest in the Property according to proof.

Respectfully Submitted,

DATED: July 27, 2016          **MICHELMAN & ROBINSON, LLP**

By:        /s/ Edward D. Vaisbort
          EDWARD D. VAISBORT
          Attorney for Plaintiff,
          DCR MORTGAGE 1, LLC

DATED: July 27, 2016          **DICKINSON WRIGHT, LLP**

By:        /s/ Justin J. Bustos
          JOHN P. DESMOND
          JUSTIN J. BUSTOS
          Attorney for Plaintiff,
          DCR MORTGAGE 1, LLC

**COMPLAINT**

426062

1

### EXHIBIT TABLE

| Exhibit | Description | Pages[1] |
|---------|-------------|----------|
| A | Commercial Balloon Promissory Note and Adjustable Rate Mortgage (ARM) Disclosure | 7 |
| B | Mortgage Modification | 5 |
| C | Memorandum of Modification of Note and Deed of Trust | 5 |
| D | Assignment of Note, Mortgage and Loan Documents | 7 |
| E | Forbearance Agreement | 9 |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[1] Exhibit slip sheets are not included in the page counts.

**COMPLAINT**

**426062**