1  Edward D. Vaisbort, Esq.    (SBN 6153)
**MICHELMAN & ROBINSON, LLP**
2  10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
3  Telephone:   (310) 564-2670
Facsimile:   (310) 564-2671
4  Attorneys for Plaintiff,
DCR MORTGAGE 1, LLC
5

6  John P. Desmond, Esq.        (SBN 5618)
**DICKINSON WRIGHT, PLLC**
7  8363 West Sunset Rd., Suite 200
Las Vegas, NV 89113
8  Attorneys for Plaintiff,
DCR MORTGAGE 1, LLC
9

10

11              **UNITED STATES DISTRICT COURT**

12                  **DISTRICT OF NEVADA**

13

14  DCR MORTGAGE 1, LLC, a Delaware          Case No.:    2:16-CV-01787 GMN
Limited Liability Company,                Assigned to:   Hon. Gloria M. Navarro
15
                  Plaintiff,              **REVISED JOINT CASE**
16                                         **MANAGEMENT REPORT**

17       vs.
                                          **SUBMITTED IN COMPLIANCE WITH**
18  GARY L. SYLVER, an individual, and DOES  **LR 26-1(b)**
1-10, inclusive,
19
                  Defendants.
20

21

22

23

24

25

26

27

28

                                        1

## REVISED JOINT CASE MANAGEMENT REPORT SUBMITTED IN COMPLIANCE WITH LR 26-1(e)

Plaintiff DCR Mortgage 1, LLC ("Plaintiff"), appearing through its attorney of record, and Defendant Gary L. Sylver ("Defendant"), appearing individually, met and conferred pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(d) on October 7, 2016.  The parties hereby submit the following Stipulated Discovery Plan and Scheduling Order for discovery on the claims asserted in Plaintiff's Complaint.

1.    **Nature of the Case**.

As set forth in more detail in the Complaint, Defendant acted as Guarantor of a loan issued by Allied Mortgage & Financial Corporation (Defendant is a successor in interest to Allied Mortgage).  The loan has fallen into default on several occasions and remains in default to this day.  A deficit balance of $1,531,823.87 remains unpaid.  Plaintiff therefore brought one cause of action against Defendant for Breach of Written Guaranty.  Plaintiff seeks compensatory damages in the amount of $1,531,823.27.

Defendant contends that, at the time he signed the Loan, he believed he would have the funds to pay the loan on schedule; however, the funds became unavailable after the loan was signed.  Defendant further wishes the court to know that his failure to pay was not intentional; his business dealings were complicated by, most recently, Britain's exit from the United Kingdom.

2.    **Principal Factual and Legal Disputes**

Defendant filed his Answer on August 22, 2016.  The Answer admits that the loan was issued and guaranteed by Defendant but denies all other allegations of the Complaint.  The primary issue to be resolved is whether Defendant failed to honor his obligations pursuant to the Guaranty.  Defendant has already admitted to counsel that he is unable to pay the loan and has not paid it.

The law surrounding breach of written guaranty is simple and straightforward: a guaranty is a binding contract, and failure to perform the terms of a contract constitutes a breach.

440548

**3.**      **Rule 26(a) Disclosures:** Plaintiff served its initial disclosures required by Rule 26(a)(1) on October 14, 2016.  Defendant served his initial disclosures on October 18, 2016.

**4.**      **Scheduling Matters**

a. **Discovery cut-off date:** The discovery cut-off date shall be completed no later than Friday, February 17, 2017.

b. **Amending the Pleadings and Adding Parties:** While the parties do not anticipate any amendments or additional parties, the last date to file motions to amend the pleadings or add parties is Friday, November 18, 2016.

c. **Expert Disclosures:** Initial disclosures of expert witnesses are due sixty days before the discovery cut-off date or Monday, December 19, 2016.

d. **Disclosure of Rebuttal Experts:** All rebuttal experts must be disclosed thirty days after the initial disclosures of experts or by Wednesday, January 18, 2017.

e. **Dispositive Motions:** All dispositive motions must be filed within thirty days after the discovery cut-off date or by Monday, March 20, 2017.

f. **Pretrial Order:** The joint pretrial order is due thirty days after the dispositive motion deadline, which is Wednesday, April 19, 2017, or thirty days after the decision on dispositive motions, whichever is later.

g. **Interim Status Report:** The joint interim status report is due by Monday, December 19, 2016.

5.      **Orders that the Court Should Issue**

There are no orders that the Court should issue under Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 26(b), or Fed. R. Civ. P. 16(c) at this time.

6.      **Dispositive Motions:**   Plaintiff has already prepared a Motion for Summary Judgment and plans to file it within the next two weeks.  Defendant does not intend to draft any dispositive motions at this time.

7.      **ADR:** The Parties were unable to agree to settlement terms during their initial conference; however, the Parties are committed to making a good-faith effort to settle this

3

matter prior to trial.  Plaintiff agrees to private mediation to be held no less than thirty (30) days prior to trial.

     8.    **Trial**

          a.  The parties have waived their right to a jury pursuant to section 5.15 of the original loan agreement.  Therefore, the parties will not seek a jury trial.

          b.  Plaintiff requests that a date for Trial be set after the hearing on Plaintiff's MSJ.

          c.  The parties estimate that trial will be completed in one half (1/2) day.

                               Respectfully Submitted,

DATED: October 24, 2016        **MICHELMAN & ROBINSON, LLP**

                               By:    /s/ Edward D. Vaisbort
                                    EDWARD D. VAISBORT
                                    Attorney for Plaintiff,
                                    DCR MORTGAGE 1, LLC

DATED: October 24, 2016        **DICKINSON WRIGHT, LLP**

                               By:    /s/ John P. Desmond
                                    JOHN P. DESMOND
                                    Attorney for Plaintiff,
                                    DCR MORTGAGE 1, LLC

DATED: October 24, 2016        **GARY L. SYLVER**

                               By:    [See Attached]
                                    GARY L. SYLVER

REVISED JOINT REPORT OF PARTIES' PLANNING MEETING PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(f)

440548

1   matter prior to trial. Plaintiff agrees to private mediation to be held no less than thirty (30) days

2   prior to trial.

3       8.    **Trial**

4           a.   The parties have waived their right to a jury pursuant to section 5.15 of

5       the original loan agreement. Therefore, the parties will not seek a jury trial.

6           b.   Plaintiff requests that a date for Trial be set after the hearing on Plaintiff's

7       MSJ.

8           c.   The parties estimate that trial will be completed in one half (1/2) day.

9

10                              Respectfully Submitted,

11  DATED: October __, 2016     **MICHELMAN & ROBINSON, LLP**

12

13                              By: _____

14                                  EDWARD D. VAISBORT
                                    Attorney for Plaintiff,
15                                  DCR MORTGAGE 1, LLC

16  DATED: October __, 2016

17                              **DICKINSON WRIGHT, LLP**

18

19                              By: _____
                                    JOHN P. DESMOND
20                                  Attorney for Plaintiff,
                                    DCR MORTGAGE 1, LLC
21

22  DATED: October 2⁄, 2016      **GARY L. SYLVER**

23

24                              By: _____
                                    GARY L. SYLVER
25  IT IS SO ORDERED.
26  Dated:  October 24, 2016

27                              _____
28                              United States Magistrate Judge

                                        4

REVISED JOINT REPORT OF PARTIES' PLANNING MEETING PURSUANT TO FEDERAL RULES
                        OF CIVIL PROCEDURE, RULE 26(f)
440548