1  Edward D. Vaisbort, Esq.    (SBN 6153)
   **MICHELMAN & ROBINSON, LLP**
2  10880 Wilshire Blvd., 19th Floor
   Los Angeles, CA 90024
3  Telephone:   (310) 564-2670
   Facsimile:   (310) 564-2671
4  Attorneys for Plaintiff,
5  DCR MORTGAGE 1, LLC

6  John P. Desmond, Esq.    (SBN 5618)
   **DICKINSON WRIGHT, PLLC**
7  8363 West Sunset Rd., Suite 200
8  Las Vegas, NV 89113
   Attorneys for Plaintiff,
9  DCR MORTGAGE 1, LLC

10
11                **UNITED STATES DISTRICT COURT**

12                     **DISTRICT OF NEVADA**

13
   DCR MORTGAGE 1, LLC, a Delaware       Case No.:    2:16-CV-01787-GMN-NSK
14 Limited Liability Company,            Assigned to: Hon. Gloria M. Navarro

15              Plaintiff,
16                                       **PLAINTIFF DCR MORTGAGE 1, LLC'S**
       vs.                               **MOTION FOR SUMMARY JUDGMENT**
17
   GARY L. SYLVER, an individual, and
18 DOES 1-10, inclusive,

19              Defendants.
20
21
22
23
24
25
26
27
28

---

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

436929

1

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

2    Plaintiff DCR MORTGAGE 1, LLC ("Plaintiff") will and hereby does move the Court for

3  summary judgment as to the Complaint ("Complaint") filed by Plaintiff against Defendant GARY

4  L. SYLVER ("Defendant") pursuant to Federal Rule of Civil Procedure 56 on the grounds that the

5  undisputed material facts establish Plaintiff's right to summary judgment as a matter of law on the

6  following grounds: (1) a valid written guaranty contract existed between Defendant and Plaintiff

7  (as successor in interest to the original party to the contract); (2) Defendant breached the terms of

8  the valid contract by failing to make any payment pursuant to the contract terms; and (3) Plaintiff

9  has incurred damages  as a result of Defendant's breach.  This motion is made pursuant to Rule 56

10  of the Federal Rules of Civil Procedure and is supported by the attached Memorandum of Points

11  and Authorities, the Declarations of Jordan Zavislak and Celina C. Kirchner, Esq. with supporting

12  evidence, any and all papers and documents on file in this proceeding, of which the Court is

13  requested to take judicial notice, and upon such other and further matters as the Court may deem

14  appropriate.

15

## MEMORANDUM OF POINTS AND AUTHORITIES

16

### I.    INTRODUCTION

17    The simple fact is, Defendant owes Plaintiff $1,531,823.00 pursuant to his written guaranty

18  of a loan that was made in 2006.  Neither he, nor the company which is the principal obligor on the

19  loan, has made a payment on the loan since November 2007.  Plaintiff, and its predecessors in

20  interest, modified the loan twice and entered into a forbearance agreement with Defendant in an

21  effort to informally and justly resolve this issue.  No payments were made after *any* of these

22  concessions were made.  Thus, this is a classic case of breach of contract: Defendant signed an

23  agreement, failed to perform, and has damaged Plaintiff.  As a result, he must make Plaintiff whole.

24    Defendant guaranteed a loan made on October 10, 2006 to the borrower Pama Lane Holding

25  Company ("Pama Lane").  Defendant was the president of Pama Lane.  Payments on the amount

26  owed under this loan abruptly stopped in December 2007.  Plaintiff (through its predecessors in

27  interest) modified the loan twice, once in 2008 and again in 2010, to allow more time for the default

28  to be rectified.

-1-

436929

In 2015, Pama Lane filed for bankruptcy and was liquidated, with a real property asset which partially secured the loan being sold to repay part of the loan.  After the real property was sold, a balance of $1,531,823.00 remained outstanding.  In order to forestall collection efforts against him for the balance, Defendant, as guarantor of the loan, entered into a forbearance agreement on the guaranty with Plaintiff (through its predecessors in interest) whereby the obligation could be satisfied (at a much lower balance amount) if Defendant made consistent monthly payments for three years.  Not a single payment was made.

Defendant breached the guaranty agreement as modified by his forbearance agreement and remains in default on the terms of the guaranty.  The undisputed facts demonstrate that both agreements were valid, that the terms of loan obligation and the guaranty were breached, and that Plaintiff has been damaged as a result.  Accordingly, Plaintiff is entitled to judgment as a matter of law in the sum of $1,531,823.00 plus interest and attorney's fees against Defendant as guarantor of the loan.

## II.    UNDISPUTED MATERIAL FACTS

On or around October 10, 2006, Wells Fargo Foothill, Inc. ("Wells Fargo"), through its loan servicer, Allied Mortgage & Financial Corporation ("Allied Mortgage"), issued Pama Lane Holding Corporation ("Pama Lane") a loan in the amount of $3,185,000.00 (the "Loan").  (Zavislak Decl. at Exhibits A (Servicing Agreement) and B (Note), **Exhibit 1**.)  On or about November 12, 2009, Wells Fargo transferred its interest in the Loan to DCR Mortgage IV Sub III, LLC ("DCR IV").  (Zavislak Decl. ¶ 4 and Exhibit C (Assignment), **Exhibit 1**.)  The terms of the Loan were set forth in the Commercial Balloon Promissory Note to Allied Mortgage (the "Note).  (Zavislak Decl. at Exhibit B (Note), **Exhibit 1**.)  The Loan was secured in part by the following: (a) a deed of trust lien on two parcels located at 2020 Pama Lane, Las Vegas, Nevada, 89119 (the "Property"), (b) a Continuing and Unconditional Guaranty by Defendant, the President of Pama Lane (the "Sylver Guaranty") and (3) a Continuing and Unconditional Guaranty by Randall Robirds, an owner of Pama Lane. *Id.*

Beginning in December 2007, and every month thereafter, Pama Lane failed to make any further payments due upon the Loan as required by the payment terms set forth in the

1  Note. (Zavislak Decl. ¶ 5 and Exhibit D (2008 Modification), **Exhibit 1**.) In order to persuade the
2  then-obligee to refrain from exercising its remedies for the default, the borrower on June 25, 2008,
3  sought and obtained a modification of the Loan pursuant to a Mortgage Modification Agreement (the
4  "2008 Modification"), which established a new payment plan. (Zavislak Decl. at Exhibit D (2008
5  Modification), **Exhibit 1**.) The principal balance on the Loan at that time of $3,185,000.00
6  remained unpaid. (Zavislak Decl. at Exhibit D (2008 Modification), **Exhibit 1**.) Under the terms of
7  the 2008 Modification, the Loan was set to mature on December 17, 2008 with the balance to be
8  paid in full on that date. (Zavislak Decl. at Exhibit D (2008 Modification), **Exhibit 1**.) Pama Lane
9  failed to make the required payments pursuant to the terms of the 2008 Modification. (Zavislak
10 Decl., ¶ 6., **Exhibit 1**.)

11      On June 17, 2010, the Loan was modified once again in a Memorandum of Modification of
12 Note and Deed of Trust (the "2010 Modification"). (Zavislak Decl. ¶ 8 and Exhibit F (2010
13 Modification), **Exhibit 1**.) The principal balance on the Loan—$3,185,000.00—remained unpaid.
14 (Zavislak Decl. ¶ 8 and Exhibit F (2010 Modification), **Exhibit 1**.) The maturity date of the Loan
15 was extended to May 17, 2013. (Zavislak Decl. at Exhibit F (2010 Modification), **Exhibit 1**.)

16      When the Loan matured yet again on May 17, 2013, Pama Lane once again failed to pay the
17 balance. (Zavislak Decl. ¶ 9 and Exhibit E (2013 Letter), **Exhibit 1**.) On June 19, 2013, DCR IV
18 notified Pama Lane that it was again in default of the Loan. (Zavislak Decl.¶ 9 and Exhibit E (2013
19 Letter) p. 1, **Exhibit 1**.) At that time, Pama Lane owed DCR IV a total of $3,188,975.08 for the
20 outstanding principal balance of the loan, interest owed, and miscellaneous fees and costs permitted
21 pursuant to the loan documents. (Zavislak Decl. at Exhibit E (2013 Letter), **Exhibit 1**.)

22      On October 6, 2014, Pama Lane filed for bankruptcy protection pursuant to Chapter 11 of the
23 United States Bankruptcy Code. (Kirchner Decl., Exhibit G (Bankruptcy Docket), **Exhibit 2**.) The
24 Loan was included as a liability of the estate, and the Property was included as an asset. (Kirchner
25 Decl. at Exhibit H (Bankruptcy Petition) p. 12 and Exhibit I (Amended Schedules) p. 4, **Exhibit
26 2**.) A Court ordered the sale of the Property on or about August 21, 2015 for a total amount of
27 $1,860,000, of which DCR IV received $1,774,538.47 in partial payment of the Loan. (Kirchner
28 Decl. ¶¶ 1-2 and Exhibit J (Court Order on Sale), **Exhibit 2**.) On September 2, 2015, DCR IV

436929

1  entered into a forbearance agreement (the "Sylver Agreement") with Defendant regarding his
2  personal guaranty of the Loan. (Zavislak Decl. at Exhibit K (Sylver Agreement), **Exhibit 1**.)  At the
3  time that the Sylver Agreement was executed, a deficit balance of $1,531,823.27 remained unpaid
4  pursuant to the loan obligations and the Sylver Guaranty. (Zavislak Decl. at Exhibit K (Sylver
5  Agreement) p. 1, **Exhibit 1**.)  Pursuant to the terms of the Sylver Agreement, DCR IV agreed to
6  forbear exercising remedies against Defendant arising from obligations made in the Note and the
7  Sylver Guaranty in exchange for Defendant's agreement to timely make monthly payments of
8  $6,084.36 for thirty-six months, commencing on the date of the Sylver Agreement. (Zavislak Decl.
9  at Exhibit K (Sylver Agreement) § 2(c), **Exhibit 1**.)  This forbearance would have resulted in a
10 significant reduction of Defendant's obligations pursuant to the guaranty, permitting him to pay
11 some $219,000 instead of the $1.53 million he owed on the guaranty. (Zavislak Decl. at Exhibit K
12 (Sylver Agreement) § 2(c) and p. 1, **Exhibit 1**.)

13        Defendant never made *any* of the monthly payments as set forth in the Sylver
14 Agreement. (Zavislak Decl. ¶ 11, **Exhibit 1**.)  To date, Defendant has not complied with any of the
15 terms of the Note, the Sylver Guaranty or the Sylver Agreement. (Zavislak Decl. ¶¶ 11-12 and
16 Exhibit M (2015 Letter) p. 1, **Exhibit 1**.)

17        On November 4, 2015, Defendant was notified that he was in default and owed a deficit
18 balance of $1,531,823.87 plus the fees incurred in pursuing Defendant's compliance. (Zavislak
19 Decl. at Exhibit M (2015 Letter) p. 2, **Exhibit 1**.)  On November 30, 2015, DCR IV transferred all
20 rights and obligations owed to it pursuant to the Note and the Guaranty, including all right in the
21 Sylver Agreement to Plaintiff, an affiliate of DCR IV. (Zavislak Decl. ¶ 13, **Exhibit 1**.)

22        Plaintiff himself has confirmed that he has failed to make payments on the Loan. (Kirchner
23 Decl. at Exhibit M (Revised Joint Case Management Report).)  The deficit balance of the Sylver
24 Agreement remains unpaid. (Kirchner Decl. at Exhibit M (Revised Joint Case Management Report)
25 p. 2, **Exhibit 2**.)

26 **III.    AUTHORITY FOR SUMMARY JUDGMENT**

27        As the party seeking summary judgment, Plaintiff bears the initial burden of establishing that
28 there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.

1  R. Civ. P. 56(c). To enter summary judgment, the Court must examine all evidence and find no
2  dispute concerning genuine issues of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S.
3  242, 255-256 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations
4  omitted).

5        The burden then shifts to the nonmoving party who must produce evidence sustaining a
6  genuine issue of disputed material fact. *See id.* An issue is "genuine" only if there is sufficient
7  evidence for a reasonable fact finder to find for the non-moving party. *Far Out Prods., Inc. v.*
8  *Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248-49). Accordingly, a
9  "court need not draw all possible inferences in [the non-movant's] favor, but only all reasonable
10  ones." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 n.10 (9th Cir. 2002). A fact is
11  "material" if it may affect the outcome of the case. *Far Out Prods., Inc.*, 24 7 F.3d at 992. "[T]he
12  mere existence of some alleged factual dispute between the parties will not defeat an otherwise
13  properly supported motion for summary judgment; the requirement is that there be no genuine issue
14  of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The party opposing
15  summary judgment must "do more than simply show that there is some metaphysical doubt as to the
16  material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

17 **IV.**  **THE UNDISPUTED FACTS DEMONSTRATE THAT DEFENDANT FAILED TO**
18      **PAY HIS LOAN UPON MATURITY; THEREFORE, HE IS IN BREACH OF A**
     **WRITTEN GUARANTY TO THE BENEFIT OF PLAINTIFF.**

19       A guaranty is a contract like any other; therefore a breach of guaranty is analyzed as a breach
20  of contract. *Sawyer's Estate v. Ygnacio Med. Ctr.*, 92 Nev. 171, 173 ("[A] guarantee, if supported by
21  sufficient consideration, is a binding contract"); *Short v. Sinai*, 50 Nev. 345, 418 (1927) (citing
22  *McMillan v. Bull's Head Bank*, 32 Ind. 11 (1869)); *Dobron v. Bunch*, 125 Nev. 460, 464 (2009)
23  ("[G]eneral contract interpretation principles apply to interpret guaranty agreements.") To prevail on
24  a breach of contract claim, a plaintiff must show "(1) the existence of a valid contract, (2) a breach
25  by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434
26  F.Supp.2d 913, 919-920 (D. Nev. 2006). Matters of contractual construction may be settled as a
27  matter of law at summary judgment unless the contract terms are ambiguous. *Ellison v. Cal. State*
28  *Auto Ass'n*, 106 Nev. 601, 603 (1990)

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

436929

**A.     The Sylver Guaranty is a Valid Contract.**

Contracts are "construed from the written language and enforced as written." *Ellison*, 106 Nev. 603. So long as the language is clear on its face; the court will interpret it based on its terms. *Kaldi v. Farmers Ins. Exch.*, 117 Nev. 273, 284 (2001); *see also Ellison*, 106 Nev. 603. Assignments are also considered valid contracts if they manifest the intention of the assignor to transfer its contract right to the assignee. *Easton Bus. Opp. v. Town Exec. Suites*, 126 Nev. 119, 127 (2010).

The language of the 2008 Modification and the 2010 Modification is plain on the face of both documents.  In the 2008 Modification, Plaintiff as Guarantor acknowledged that "the outstanding principal balance due under the [Loan] is Three Million One Hundred and Eighty-Five thousand and 00/100 dollars ($3,185,000.00)" and that he was in default of the Loan "by virtue of the fact that [he] failed to make the payment due December 2007 and each month thereafter." (Zavislak Decl. at Exhibit D ¶¶ 3-4, **Exhibit 1**.)  Further, Plaintiff agreed to the following payment terms:

> Mortgagor will pay Lender $52,000 upon the execution of this Agreement but in no event later than June 10, 2008. This payment shall be applied to the April and May 2008 mortgage payments. Lender will accept reduced payments of $26,000 per month from the Mortgagor commencing with the June 17, 2008 payment which will be made no later than June 30, 2008. On December 17, 2008, the Note matures and Mortgagor must pay off the loan in full by that date.

(Zavislak Decl. at Exhibit D ¶ 4, **Exhibit 1**.)

Thus, the 2008 Modification requires Defendant to pay the full balance of the loan by December 17, 2008. He failed to do so. (Kirchner Decl. at Exhibit M p. 2, **Exhibit 2**; Zavislak Decl. ¶ 14, **Exhibit 1**.)  In 2010, another agreement was reached between the parties.  Once again Plaintiff reaffirmed his status as a guarantor of the Loan:

> 2.2.3. Reaffirmation of Guaranty. That the Guaranty constitutes the valid, legally binding obligations of Guarantor, enforceable against Guarantor in accordance with the terms thereof and remains in full force and effect; and that each Guarantor consents to the execution and delivery of this Agreement.

(Zavislak Decl. at Exhibit F ¶ 2.2.3, **Exhibit 1**.)  Pursuant to the 2010 Modification, Defendant was entitled to payment:

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

436929

2.2.2. Indebtedness. That, as of the Effective Date, the unpaid principal balance of the Note is Three Million One Hundred Eighty-Five Thousand and No/lOOths Dollars ($3,185,000.00) (the "Unpaid Principal"), with non-default interest paid current to August 16, 2008. There is outstanding on the Loan non-default and default interest in an aggregate amount of One Million Four Hundred Fifty-Six Thousand Five Hundred Fifteen and 84/l00ths Dollars ($1,456,515.84) (the "Unpaid Interest"). There is outstanding on the Loan certain other fees and default amounts due and owing by Borrower by virtue of Borrower's failure to pay all sums as and when due underthe Loan Documents in an aggregate amount of One Hundred Seventy Thousand Three Hundred Ninety-Four and 75/lOOths Dollars ($170,394. 75) (the "Default Amounts"). In addition to the Unpaid Principal, Unpaid Interest and Default Amounts, Lender is entitled to reimbursement in the amount of Sixty-Five Thousand Seven Hundred Twenty-One and 95/100ths Dollars ($65, 721.95) for protective advances made by Lender on behalf of Borrower as well as legal fees incurred by Lender, all pursuant to the Loan Documents (the "Protective Advances"). The Unpaid Interest and Default Amounts shall continue to accrue interest at the rate of twenty-five percent (25%) per annum, until paid in full or forgiven…

(Zavislak Decl at Exhibit F ¶ 2.2.2, **Exhibit 1**.)

Finally, Plaintiff entered into the Sylver Agreement, through which DCR IV (and Plaintiff as successor in interest) agreed to forego enforcement of its rights following Defendant's breach of the Note if he fulfilled a series of obligations, most notably, "successive monthly payments on the 1st day of each month, in the amount of $6,084.36, for thirty-six (36) consecutive months, for a total of $219,036.96." The language of the Sylver Agreement is unambiguous, and its terms are valid and enforceable.

**B.      Defendant Breached the Sylver Guaranty by Failing to Pay Before it Became Due.**

"Failure to perform one's obligations within the express terms of an agreement constitutes a literal breach of contract." *Saini*, 434 F.Supp.2d 923. This principal applies in the case of a guaranty. See *Cal. First Bank v. Braden*, 216 Cal.App.3d 672, 677. "For a guaranty, the breach occurs when the note falls due and remains unpaid." *Id.* For example, in *Medical Providers Financial Corp. II v. New Life Centers, L.L.C.*, 818 F.Supp.2d 1271, the court granted a motion for summary judgment on breach of written guaranty simply because the obligors failed to pay by the time the guaranty came due. *Id.* at 1275.

Defendant failed to make a single payment on the Sylver Guaranty as modified in 2008 or 2010. He further failed to make payments pursuant to the Sylver Agreement. Thus, the Defendant

436929

1  breached the terms of the the Sylver Guaranty as modified in the 20008 Modification and the 2010
2  Modification as well as the Sylver Agreement.

3        **C.    Plaintiff was Harmed by the Breach because it is Owed $1,531,823.00 plus**
4               **Interest, Costs and Fees.**

5        A balance of $1,531,823.00, plus interest, costs, and fees remains outstanding on the Sylver
6  Guaranty.  Plaintiff has received *no* payment on the Sylver Guaranty (as modified pursuant to the
7  Sylver Agreement).  Mr. Sylver had an opportunity to discharge his sizable guaranty obligation
8  pursuant to the Sylver Agreement modifying the guaranty, but made no payment of any
9  kind.  Therefore, he is now obligated to pay Plaintiff the amount due on the guaranty, $1,531,823.00
10 plus interest, fees and costs.

11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
436929

V. **CONCLUSION**

   Defendant signed a valid guaranty and failed to honor his obligation pursuant to the plain terms of the guaranty. Plaintiff has lost $1,531,823.00 and is entitled to repayment for this loss. Accordingly, Plaintiff respectfully requests that the Court grant its Motion for Summary Judgment and order Defendant to pay Plaintiff the amount rightfully owed, $1,531,823.00.[1]

   Respectfully Submitted,

DATED: December 29, 2016.                **MICHELMAN & ROBINSON, LLP**

                                 By:      _____/s/ Edward D. Vaisbort_____
                                          EDWARD D. VAISBORT
                                          Attorney for Plaintiff,
                                          DCR MORTGAGE 1, LLC

DATED: December 29, 2016.                **DICKINSON WRIGHT, LLP**

                                 By:      _____/s/ John P. Desmond_____
                                          JOHN P. DESMOND
                                          Attorney for Plaintiff,
                                          DCR MORTGAGE 1, LLC

---

[1] Attached hereto as **Exhibit 3** for the Court's consideration is a [Proposed] Order Granting Plaintiff's Motion for Summary Judgment.

-9-

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

436929

## CERTIFICATE OF SERVICE

I certify that I am an employee of DICKINSON WRIGHT PLLC, and that on this date, pursuant to Fed. R. Civ. P. 5(b); I am serving a true and correct copy of the attached **PLAINTIFF DCR MORTGAGE I, LLC'S MOTION FOR SUMMARY JUDGMENT** on the party listed below through the **United States District Court's CM/ECF filing system**:

Thomas R. Port, Esq.
2020 Pama Lane
Las Vegas, NV 89119

DATED this 29th day of December, 2016.

/s/ Cindy S. Grinstead
An employee of DICKINSON WRIGHT PLLC

## TABLE OF EXHIBITS

| Exhibit | Description | Page(s)[1] |
|---------|-------------|---------|
| 1 | Declaration of Jordan Zavislak | 103 |
| 2 | Declaration of Celina C. Kirchner | 108 |
| 3 | [Proposed] Order Granting Plaintiff's Motion for Summary Judgment | 2 |

---

[1] Exhibit page counts are exclusive of exhibit slip sheets.