Thomas R. Port (CA Bar # 51349)(NV Bar # 7869)
LAW OFFICES
Telephone No: (510) 878-2744; Fax (510) 878-2744
2020 Pama Lane, Las Vegas, NV.
Telephone (702) 483-6777
Attorney for Defendant, Gary L. Sylver

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DCR MORTGAGE 1, LLC, a Delaware Limited Liability Company,

　　　　　Plaintiff,

vs.

GARY L. SYLVER, an individual, and DOES 1-10, inclusive,

　　　　　Defendants.

Case No.:　2:16-CV-01787 GMN
Assigned to:　Hon. Gloria M. Navarro

**RESPONSE OF GARY L. SYLVER TO MOTION FOR SUMMARY JUDGMENT**

Gary L. Sylver, by and through his attorney, Thomas R. Port, hereby responds to the motion of DCR Mortgage 1, LLC for summary judgment.

## I
## POINTS AND AUTHORITIES

**1. There is a Question of Fact for Trial Whether Sylver Waived NRS 40.430**

Nevada law provides only a single remedy for recovery of an indebtedness secured by real property (NRS 40.43):

"Except in cases where a person proceeds under subsection 2 of NRS 40.495 or subsection 1 of NRS 40.512, there may be but one action for the recovery of any debt, or for the enforcement of any right secured by a mortgage or other lien upon real estate. That action must be in accordance with the provisions of NRS 40.430 to 40.459, inclusive. In that action, the judgment must be rendered for the amount found due the plaintiff, and the court, by its decree or judgment, may direct a sale of the encumbered property, or such part thereof as is necessary, and apply the proceeds of the sale as provided in NRS 40.462."

In the instant case it would appear that Plaintiff is proceeding under NRS 40.495 which does allow for a waiver of the protections of NRS 40.430 in the event, after a default, the guarantor executes a valid waiver:

"2. Except as otherwise provided in subsection 5, a guarantor, surety or other obligor, other than the mortgagor or grantor of a deed of trust, may waive the provisions of NRS 40.430. If a guarantor, surety or other obligor waives the provisions of NRS 40.430, an action for the enforcement of that person's obligation to pay, satisfy or purchase all or part of an indebtedness or obligation secured by a mortgage or lien upon real property may be maintained separately and independently from:
(a) An action on the debt;
(b) The exercise of any power of sale;
(c) Any action to foreclose or otherwise enforce a mortgage or lien and the indebtedness or obligations secured thereby; and
(d) Any other proceeding against a mortgagor or grantor of a deed of trust."

However, in this case there is a significant question of fact whether or not Sylver in fact knowingly *waived* the protection afforded him under Nevada state law.

A review of the "Forbearance Agreement", Exhibit K, to plaintiff's brief shows:

"**6. No Offsets.** Guarantor has not claimed any offset, defense, claim or counterclaim against Lender or with respect to the Loan Documents or this Agreement, and if any such offset, defense, claim or counterclaim in fact exists, Guarantor hereby irrevocably waives the right to assert such matter at any time."

A reasonable interpretation of this clause would have been that it relates to the original loan documents. Nothing in the wording clarified that this agreement meant Sylver was

expressly waiving the protections of NRS 40.430. An express waiver is "an intentional giving up of a known right". Blacks Law Dictionary.

As set forth in the supporting Affidavit of Gary L. Sylver. He was not aware of the law governing the recovery of indebtedness on real property. He did not know he had a right guaranteed him under Nevada law that he was expressly waiving. He was presented with documents and it was forcefully represented to him that he had no choice but to sign them. He was intimidated by the claim that if he did not sign the bank would not go through with the sale of the Just Like Sugar facility and the property would be lost through foreclosure.

Sylver was born March 16, 1934, so he was 81 years of age at the time the "Forbearance Agreement was signed. At the time the Mortgage Modification Agreement was signed his age was 78. He was not represented by counsel at the time of signing either agreement. In Nevada a person over the age of 60 years is defined as an "older" person and comes under the protection of the Nevada elder abuse statutes: NRS 200.5092 *et seq*. Those statutes prohibit "intimidation" in any attempt to obtain financial advantage against an "older" person. NRS 5092(3)(a).Thus, a question of fact remains for trial whether Sylver in fact waived the protection of NRS 40.430.

**WHEREFORE**, defendant respectfully requests the Motion for Summary Judgment be denied.

Dated: January 10, 2017

Thomas R. Port, Attorney for Gary L. Sylver

GARY L. SYLVER RESPONSE TO MOTION FOR SUMMARY JUDGMENT

OF MCA PAMA LLC

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that on the 10th day of January, 2017, I placed a true and correct copy of DEFENDANT'S RESPONS3E TO MCA PAMA LLC FOR SUMMJARY JUDGMENT ON ORDER SHORTENING TIME in the United States mail, postage fully prepaid addressed to the following:

Edward D. Vaisbort
MICHELMAN & ROBINSON, LLP
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Attorney for Plaintiff

John P. Desmond, Esq.
Justin J. Bustos, Esq.
8363 W. Sunset Rd., Suite 200
Las Vegas, NV 89113

_____
An employee of the Law Office of
Thomas A. Port, Esq.

Thomas R. Port (CA Bar # 51349)(NV Bar # 7869)
LAW OFFICES
Telephone No: (510) 878-2744; Fax (510) 878-2744
2020 Pama Lane, Las Vegas, NV.
Telephone (702) 483-6777
Attorney for Defendant, Gary L. Sylver

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DCR MORTGAGE 1, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> GARY L. SYLVER, an individual, and DOES 1-10, inclusive, <br><br> Defendants. | Case No.:  2:16-CV-01787 GMN <br> Assigned to:  Hon. Gloria M. Navarro <br><br> **AFFIDAVIT OF GARY L. SYLVER IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT** |

I, Gary L. Sylver, being duly sworn, declare:

1. That I am an individual resident of Las Vegas, Nevada, aged 82 years. My date of birth is March 16, 1934.

2. That although I was listed as a guarantor of Pama Lane Holding Company, my son, Michael A. Sylver, handled the financial transactions of that company.

3. The "forbearance agreement" cited in Plaintiff's brief, ZavislakDecl.at Exhibit K, Plaintiff's Exhibit 1, was presented to me as a document I had no choice but to sign. I am not, and was not, familiar with real estate transactions of this type. I was told by DCR's

GARY L. SYLVER RESPONSE TO MOTION FOR SUMMARY JUDGMENT

1

representative that unless I signed the agreement Just Like Sugar Inc. would lose the building to foreclosure as otherwise the bank would not go through with the sale. I was very intimidated by that representation.

4. I was not represented by counsel at the time I entered into this agreement and it was not disclosed to me, nor was I aware, that I was expressly waiving a statutory right set forth under Nevada Law.

5. I have so far not been able to meet the monthly payments of $6,084.36 as demanded by Plaintiff because I have not had a sufficient source of income.

6. Plaintiff has offered to accept a compromise payment to resolve this issue, and I have agreed to settle the matter, however I am not able to enter into a formal agreement until I am assured of the ability to borrow sufficient funds to complete the transaction.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Dated: Januaary 17, 2017

_____
Gary L. Sylver

SIGNED and SWORN to before me this 10th day of January, 2017.

_____
NOTARY PUBLIC in and for said County and State



MARY M. CLITOR
Notary Public - State of Nevada
No ____
My appt. exp. Nov. 3, 2019