D. Vaisbort, Esq.      (SBN 6153)
Celina C. Kirchner, Esq.      (Admitted *Pro Hac Vice*)
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Telephone:   (310) 564-2670
Facsimile:   (310) 564-2671
Attorneys for Plaintiff,
DCR MORTGAGE 1, LLC

John P. Desmond, Esq.      (SBN 5618)
Justin J. Bustos, Esq.      (SBN 10320)
**DICKINSON WRIGHT, PLLC**
8363 West Sunset Rd., Suite 200
Las Vegas, NV 89113
Attorneys for Plaintiff,
DCR MORTGAGE 1, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DCR MORTGAGE 1, LLC, a Delaware Limited Liability Company, <br><br>        Plaintiff, <br><br>   vs. <br><br>GARY L. SYLVER, an individual, and DOES 1-10, inclusive, <br><br>        Defendants. | Case No.:   2:16-CV-01787 GMN <br> Assigned to: Hon. Gloria M. Navarro <br><br> **PLAINTIFF DCR MORTGAGE 1, LLC'S REPLY TO DEFENDANT GARY L. SYLVER'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br> [Filed and served concurrently with Plaintiff's Request for Judicial Notice] |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

There is no material fact in dispute in this case.  Defendant GARY L. SYLVER's ("Defendant") Opposition ("Opposition") to Plaintiff DCR MORTGAGE 1, LLC's ("Plaintiff") Motion for Summary Judgment ("MSJ") provides *no* disputed facts and disputes *none* of the facts alleged in Plaintiff's MSJ.  As already stated in Plaintiff's MSJ, Defendant entered into a valid and unambiguous contract to guaranty a loan in the amount of $3,185,000.00 between Pama Lane Holding Corporation and a successor in interest to Plaintiff (the "Loan").  The Loan was guaranteed by certain property located at 2020 Pama Lane (the "Property").  Plaintiff defaulted on the loan and eventually entered bankruptcy.  Pursuant to a court-ordered and approved bankruptcy sale, the Property was sold.  That sale, in the amount of $1,860,000.00, left a deficiency balance of $1,531,823.27, which was the remaining obligation of Gary Sylver, the guarantor on the loan. Rather than sue Mr. Sylver on the guaranty, Plaintiff entered into a forbearance agreement with Mr. Sylver (the "Sylver Agreement").  In his affidavit, Mr. Sylver admits that he did not make any of the agreed-upon payments.  Thus, pursuant to the valid and unambiguous terms of Plaintiff's guaranty of the Loan, as amended by the Sylver Agreement, Defendant Sylver is admittedly in default on the Loan, has no valid defense thereto and now owes the full, remaining outstanding amount due on the Loan.

First and foremost, Plaintiff has complied with Nevada's one-action rule, rendering Defendant's entire Opposition irrelevant.  Defendant claims that he is protected by Nevada's one-action rule, which provides that an action for collection of a debt may not be brought until any property securing that debt has been foreclosed upon and sold.  (Deed, **Exhibit A**); *see also* (Plaintiff's Request for Judicial Notice ("RJN"), Exhibit A.)  In fact, whether or not Defendant was entitled to the benefit of the one-action rule, *he received it*.  Plaintiff complied with the requirements of the one-action rule.  The Property was sold pursuant to a bankruptcy action in 2014.  This fact is explicitly stated in the recitals to the Sylver Agreement.  Plaintiff has brought the current action to obtain the deficiency balance still owed, which is proper following foreclosure and sale.

---

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

426062

Additionally, the undisputed facts demonstrate that the Sylver Agreement was valid, that the terms of Sylver Agreement were breached, and that Plaintiff has been damaged as a result. The Opposition only raises immaterial facts about the reasons why Plaintiff originally guarantied the Loan as well as the circumstances surrounding his entry into the guaranty. These facts are irrelevant because they attempt to alter the meaning of a valid and unambiguous contract and otherwise have no impact on the legal effect of the Sylver Agreement. Moreover, Defendant readily admits in his own sworn affidavit that he has failed to make the payments promised in the Sylver Agreement. He is in breach. Rather than accept this breach, Defendant vainly attempts to recruit the protection of Nevada's one-action rule, even though this defense was expressly waived in the Sylver Agreement.

This protection of the one-action rule may be waived, and in any event Defendant did, in fact, waive this protection in section 6 of the Sylver Guaranty. Defendant claims that his waiver was not valid because (1) he was not represented by counsel and (2) the terms of the waiver were ambiguous. Neither of these arguments is either true or relevant here. First, the Property was first sold at a bankruptcy court sale, rendering this argument irrelevant. (RJN, Exh. A.) Second, Defendant agreed, in section 10 of the Sylver Agreement, that he had access to legal counsel and entered into the Sylver Agreement of his own free will. Third, the agreements for which Defendant waived his right to the protection of the one-action rule are set forth in specific detail and include both the original guaranty and the Sylver Agreement; thus, the Court can find that the unambiguous terms of the Sylver Agreement provide for waiver of the one-action rule.

Since Plaintiff has complied with the one-action rule, and since Defendant waived that protection anyway, Plaintiff is entitled to judgment as a matter of law in the sum of $1,531,823.00 plus interest and attorneys' fees against Defendant as guarantor of the Loan.

## II.   DEFENDANT HAS ADMITTED THAT HE IS IN BREACH OF THE SYLVER AGREEMENT.

In the affidavit submitted in support of his Opposition, Defendant specifically states "I have so far not been able to meet the monthly payments of $6,084.36 as demanded by Plaintiff…" (Def.'s Affidavit, ¶ 5, ECF No. 28.) As already discussed in the motion, a guaranty is a contract like any other; therefore a breach of guaranty is analyzed as a breach of contract. *Sawyer's Estate v. Ygnacio*

*Med. Ctr.*, 92 Nev. 171, 173 ("a guarantee, if supported by sufficient consideration, is a binding contract"); *Short v. Sinai*, 50 Nev. 345, 418 (1927) citing *McMillan v. Bull's Head Bank*, 32 Ind. 11 (1869); *Dobron v. Bunch*, 125 Nev. 460, 464 (2009) ("general contract interpretation principles apply to interpret guaranty agreements.") To prevail on a breach of contract claim, a plaintiff must show "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech*., 434 F.Supp.2d 913, 919-920 (D. Nev. 2006).

Defendant's Affidavit affirms that he has, in fact, breached the terms of the Sylver Agreement because he has failed to make payments. This alone confirms that there is no dispute regarding breach or damage, two critical elements of breach of contract.

In a last-ditch effort to evade culpability for his years of default, Defendant has attempted to assert a statutory protection expressly waived in the plain terms of the Sylver Agreement. As discussed in further detail below, the waiver is valid, and Plaintiff is not shielded from liability for his breach of the Sylver Agreement.

### III.    WAIVER OF NEVADA'S ONE-ACTION RULE IS IRRELEVANT BECAUSE IT HAS BEEN SATISFIED.

Defendant claims that he did not knowingly waive Nevada's "one-action rule," which is set forth in Section 40.430 of the Nevada Revised Statutes. Waiver is irrelevant, because Plaintiff has satisfied the requirements of the one-action rule. NRS 40.430 provides that an action to enforce a promissory note cannot be brought until the creditor forecloses on the property. *See, e.g. Forouzan, Inc. v. Bank of George*, 128 Nev. 896, 2 (2012) (unpublished); *see also McDonald v. D.P. Alexander & Las Vega Boulevard, LLC*, 121 Nev. 812, 815 (2005) ("[T]o recover a debt secured by real property in Nevada, a creditor must seek to recover on the property through judicial foreclosure before recovering from the debtor personally"). The one-action rule was created to prevent double recovery by creditors. *McDonald*, 121 Nev. at 816. Requiring a foreclosure prevents a creditor from seeking both proceeds from sale and a full money judgment. *Id.*

Here, the one-action rule has been satisfied, and there is no threat of double-recovery by Plaintiff. The undisputed material facts demonstrate that the Property has already been sold. (RJN, Exh. A.) The Sylver Agreement states:

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

426062

> [P]ursuant to court order the Property is scheduled to be sold pursuant to 11 U.S.C. sections 363 (b) and (f) on about August 21, 2015 for the total amount of $1,860,000.00 (the "Sale"). After expenses the net amount Lender will receive is $1,774,538.47 (the "Lender Net Proceeds").

(Zavislak Decl., Exh. K, p. 1, ECF No. 27-1.)  Plaintiff is now seeking to recover the outstanding amount owed as identified in the Sylver Agreement:

> The total due on the Loan as of the date hereof is $3,306,361.74, which leaves a deficiency balance on the Loan as of the date hereof due by the Guarantor in the amount of $1,531,823.27 (the "Deficit Balance Due").

*Id.* Thus, the issue of whether or not Defendant's waiver of statutory protections was valid is not relevant.  Plaintiff has fulfilled the requirement of NRS 40.430 and may, therefore, move forward with this action.

## IV. EVEN IF THE PROPERTY HAD NOT BEEN FIRST SOLD AS IT WAS HERE, DEFENDANT WAIVED THE PROTECTION OF THE ONE-ACTION RULE.

A guarantor of a loan may waive the protection of the one-action Rule.  (NRS 40.495(2).)  "[W]hen a guarantor waives Nevada's one-action rule, a creditor may pursue the guarantor without first foreclosing on the real property collateral." *Forouzan*, 128 Nev. at 4.  In *Forouzan*, the Nevada Supreme Court considered whether a creditor must foreclose on real property collateral to a loan before pursuing a guarantor who waived the protection of NRS 40.430.  *Id.* at 2.  Ultimately, the Supreme Court determined that NRS 40.495 permits waiver of the one-action rule, and that the guarantor was therefore not protected by the one-action rule in light of its waiver.  *Id.* at 4.

Here, Defendant expressly waived all claims and defenses with respect to the Sylver Guaranty.  (See Zavislak Decl., Exhibit K, p. 4, ¶ 6, ECF No. 27-1.)  Like the guarantor in *Forouzan*, Defendant cannot now seek the protection he explicitly waived.  Accordingly, the one-action rule is irrelevant to Plaintiff's MSJ, and Defendant should be held accountable for the outstanding debt owed in this action.

///

## V.   DEFENDANT'S ATTEMPT TO MANUFACTURE A FACTUAL DISPUTE IS UNAVAILING.

Defendant has attempted to create a dispute of material fact by alleging that he was not aware of a waiver contained in the forbearance agreement he signed on September 2, 2015 (the "Sylver Agreement").  (Defendant's Opp., pp. 2-3, ECF No. 28.)  The alleged factual disputes are twofold (1) that Defendant lacked the capacity to waive his rights under NRS40.430; and (2) that reasonable minds could differ as to the meaning of section 6 of the Sylver Agreement.

### A.   Defendant cannot create a genuine issue of material fact merely by submitting a conclusory affidavit.

Defendant has submitted a self-serving, conclusory affidavit in support of his Opposition.  In federal courts, a non-moving party may not create a genuine issue of material fact by submitting a self-serving statement if it only contains conclusory statements.  "The district court can disregard a self-serving affidavit that states only conclusions and not facts that would be admissible evidence." *Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 497 (9th Cir. 2015).  For example, in *Nigro*, a self-serving statement was sufficient to create a genuine issue of material fact because the "testimony was based on personal knowledge, legally relevant, and internally consistent." *Id.* at 498.

In this case, Defendant has only submitted a single affidavit in support of his Opposition.  The affidavit states, in pertinent part[1]:

> 3.     The "forbearance agreement" cited in Plaintiff s brief, Zavislak Decl. at Exhibit K, Plaintiff s Exhibit 1, was presented to me as a document I had no choice but to sign. I am not, and was not, familiar with real estate transactions of this type, I was told by DCR's representative that unless I signed the agreement, Just Like Sugar, Inc. would lose the building to foreclosure as otherwise the bank would not go through with the sale. I was very intimidated by that representation.
>
> 4.     I was not represented by counsel at the time I entered into this agreement and it was not disclosed to me, nor was I aware, that I was expressly waiving a statutory right set forth under Nevada Law.

---

[1] Plaintiff was forced to assume that these are the relevant paragraphs of Defendant's affidavit, because the Opposition contained no citation to evidence as required by Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure.

(Defendant's Aff., ¶¶ 3-4, ECF No. 28.)  These statements are not legally relevant and, more importantly, are inconsistent.  Defendant has failed to explain how his alleged feeling of intimidation or concern about his ability to obtain a loan alter the effect of a binding contract.  At common law, individuals are "presumed to be bound by what they sign."  *In re Schwalb*, 347 B.R. 726, 743 (Bankr. D. Nev. 2006).

Moreover, these statements directly contradict the express terms of the Sylver Agreement. Section 10 of the Sylver Agreement provides that Defendant had access to counsel and entered into the Sylver Agreement of his own free will.  In its entirety, this section reads:

> 10.1   **Knowledge; Access to Counsel.**   Each of the undersigneds represent and warrant that in executing this Agreement and the other Loan Documents they do so with full knowledge of the effect of this Agreement and the other Loan Documents upon any and all rights that such signatory may have with respect to the matters set forth herein and therein, and the claims, actions, demands or causes of action released in this Agreement and the other Loan Documents, that the undersigned have received or had access to independent legal advice with respect to the matters set forth and the claims and actions, demands or causes of action released in this Agreement and the other Loan Documents and with respect to the rights and asserted rights arising out of such matters, and that the undersigned are entering into this Agreement and the other Loan Documents of their own free well as their own voluntary acts and free from duress and undue influence and upon or with the advice of counsel.

(Zavislak Decl., Exhibit K, ¶ 10, ECF No. 27-1.)  Thus, Defendant knowingly and willingly waived his right to statutory protection related to collection on the Sylver Agreement or the Loan.

Even if his statements are to be believed, Defendant cannot assert ignorance of the terms of the Sylver Agreement:

> [W]hen a party to a written contract accepts it is (sic) a contract he is bound by the stipulations and conditions expressed in it whether he reads them or not. Ignorance

through negligence or inexcusable trustfulness will not relieve a party from his contract obligations. He who signs or accepts a written contract, in the absence of fraud or other wrongful act on the part of another contracting party, is conclusively presumed to know its contents and to assent to them ....

*Campanelli v. Conservas Altamira*, S.A., 86 Nev. 838, 841, 477 P.2d 870, 872 (1970).  Plaintiff signed the Sylver Agreement, as easily verified on the face of the signature page.  He therefore cannot claim ignorance of the contents of the document; he is presumed to have known and understood those contents as a matter of law.

Further, self-serving declarations are not sufficient to create a genuine issue of material fact. The Ninth Circuit has consistently held that "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) Furthermore, "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir. 1993).  Rule 56 of the Nevada Rules of Civil Procedure for the Nevada District Courts provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. As already discussed above, Defendant's affidavit is self-serving and sets forth facts directly contradictory to the express terms of the Sylver Agreement, which was signed by Defendant and affirmed by a notary.  Of particular note here, Defendant relies *solely* on his own, self-serving affidavit, which was ruled insufficient in *Hansen v. U.S.*, 7 F.3d 137 (9th Cir. 1993).

Defendant should not be permitted to create a genuine issue of material fact simply by asserting lack of capacity in an affidavit.  The affidavit does not set forth facts sufficient to support

the claim that he lacked capacity to waive his right to statutory protections.  Moreover, the affidavit explicitly contradicted the express terms of the Sylver Guaranty.  Thus, these self-serving statements should not be considered as evidence of a genuine factual dispute.

### B.   The Court can interpret the plain meaning of the Sylver Agreement.

The Opposition also suggests that section 6 of the Sylver Agreement is ambiguous and that, therefore, Defendant did not actually waive the protections of NRS 40.430.  This argument is irrelevant, because the one-action rule has been satisfied: the property at issue was sold in 2014.  (Deed, **Exh. A**; RJN, Exh. A.)  Additionally, Defendant's claim of ineffectual waiver is based on an unreasonable reading of the plain language of the Sylver Agreement and, more relevant, the Court is permitted to determine whether the meaning of a contract is ambiguous as a matter of law.  *Ellison v. Cal. State Auto Ass'n*, 106 Nev. 601, 603 (1990).

The Opposition identifies section 6 as potentially ambiguous.  This section reads:

> **6.    No offsets.**   Guarantor has no claims any offset, defense, claim or counterclaim against Lender or with respect to the Loan Documents or this Agreement, and if any such offset, defense, claim or counterclaim in fact exists, Guarantor hereby irrevocably waives the right to assert such matter at any time.

(Zavislak Decl., Exhibit K, p. 4, ¶ 6, ECF No. 27-1.)  Defendant claims that, "[a] reasonable interpretation of this clause would have been that it relates to the original loan documents."  (Opp., p. 2, ECF No. 28.)  This claim is proven false on the face of the Sylver Agreement.

First, the meaning of the term "Loan Documents" is not ambiguous because it is defined in the Sylver Agreement as follows:

> [T]hat certain loan evidenced and secured by the following documents: (a) Promissory Note dated as of October 10, 2006 in the original principal amount of $3,185,000 (the "Note"), as modified from time to time by certain Amendments and certain collateral documents executed by Borrower (and if applicable, certain third parties), including, but expressly not limited to, that certain Deed of Trust of even date, which secures as security for the Note that certain real property described

therein (the "Property") and all other loan documents and financing statements incident thereto, instruments, guaranties (**including a Guaranty from Gary Sylver** (hereinafter referred to as "Guarantor" or "Sylver"), contract rights, insurance policies, purchase commitments, account and general intangibles relating thereto and all proceed thereof, all -pursuant to, and to secure the obligations referenced therein which may or may not be identified therein (hereinafter all of the foregoing shall be referred to as the "Loan Documents");

(Zavislak Decl., Exhibit K, p. 1, ECF No. 27-1) (emphasis added). This definition specifically includes Defendant's Guaranty. The term "Loan Documents" therefore cannot mean *solely* the original Loan. More importantly, section 6 specifically includes the Sylver Agreement itself: "Guarantor has no claims…with respect to the Loan Documents **or this Agreement**." (Zavislak Decl., Exhibit K, p. 4, ¶ 6, ECF No. 27-1.) Thus, to assume that the clause only relates to the original Loan is not reasonable, as Defendant claims.

Contracts are "construed from the written language and enforced as written." *Ellison v. Cal. State Auto Ass'n*, 106 Nev. 601, 603 (1990). So long as the language is clear on its face; the court will interpret it based on its terms. *Kaldi v. Farmers Ins. Exch.*, 117 Nev. 273, 284 (2001); *see also Ellison*, 106 Nev. at 603. The plain language of the Sylver Agreement clearly states that Defendant has waived any defenses with respect to the Sylver Agreement itself. Thus, reasonable minds cannot differ as to the scope of the waiver contained in paragraph 6: Defendant waived his right to any defense with respect to the Sylver Agreement and cannot, therefore, seek the protection of Nevada's one-action rule.

///
///
///
///
///
///

1

## VI.   __CONCLUSION__

2   Based on the foregoing, Plaintiff respectfully requests that the Court disregard the invalid

3 arguments contained in Defendant's Opposition and grant Plaintiff's Motion for Summary

4 Judgment.

5                                          Respectfully Submitted,

6 DATED: January 27, 2017        **MICHELMAN & ROBINSON, LLP**

7

8                                  By:     /s/ Edward D. Vaisbort
                                           EDWARD D. VAISBORT
9                                          CELINA C. KIRCHNER
                                           Attorneys for Plaintiff,
10                                         DCR MORTGAGE 1, LLC

11

12 DATED: January 27, 2017       **DICKINSON WRIGHT, LLP**

13

14                                 By:     /s/ Justin J. Bustos
                                           JOHN P. DESMOND
15                                         Attorney for Plaintiff,
                                           DCR MORTGAGE 1, LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that I am an employee of DICKINSON WRIGHT PLLC, and that on this date, pursuant to Fed. R. Civ. P. 5(b); I am serving a true and correct copy of the attached **PLAINTIFF DCR MORTGAGE 1, LLC'S REPLY TO DEFENDANT GARY L. SYLVER'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** on the parties as set forth below through the **United States District Court's CM/ECF efiling system**:

Thomas R. Port, Esq.
2020 Pama Lane
Las Vegas, NV 89119

DATED this 27th day of January, 2017.

_____/s/ Cindy S. Grinstead_____
An employee of DICKINSON WRIGHT PLLC

---

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

426062