1
2
3
4
5
6
7                      **UNITED STATES DISTRICT COURT**
8                        **DISTRICT OF NEVADA**
9
10   DCR MORTGAGE 1, LLC,                )
11                  Plaintiff,           )        Case No. 2:16-cv-01787-GMN-NJK
                                         )
12   v.                                  )        **ORDER**
                                         )
13   GARY L. SYLVER,                     )
                                         )
14                  Defendant.           )
     ───────────────────────────────────)
15
16          On May 17, 2017, Chief United States District Judge Gloria M. Navarro referred this case

17   to the undersigned for a settlement conference. Docket No. 33. On the same date, this Court issued an

18   order scheduling a settlement conference for August 15, 2017. Docket No. 35. The Court specifically

19   ordered that, *inter alia*, all counsel of record "are **required to be present in person for the duration**

20   **of the settlement conference**[.] *Id*. at 1 (emphasis in original). The Court further ordered that "**[a]ny**

21   **request for an exception to the above personal attendance requirements must be filed and served**

22   **on all parties within seven (7) days of the issuance of this order. Such a request will be strictly**

23   **scrutinized for a showing of compelling justification.**" *Id*. at 2 (emphasis in original).

24          On August 8, 2017, the Court received Defendant Sylver's settlement conference brief, as

25   ordered . Docket No. 35 at 3. Notwithstanding the Court's clear order, the brief stated that Defendant

26   would not be present for the settlement conference. On August 9, 2017, therefore, the Court issued an

27   order reiterating its prior order that Mr. Syler must be personally present for the settlement conference.

28   Docket No. 36.

On August 10, 2017, Defendant's counsel filed a declaration regarding attendance at the settlement conference. Docket No. 37. In it, counsel represents that Defendant will attend the settlement conference as ordered. *Id*. at 1. Counsel further represents that his office and residence are located in Oakland, California, and that he uses the office of a company for a Las Vegas address. *Id*. at 1-2. Additionally, counsel represents that Defendant does not have the funds to pay for counsel to attend the settlement conference and requests either permission to appear telephonically or for a continuance of the settlement conference. *Id*. at 2.

This request, improperly filed as a declaration, is made long after the deadline for requesting an exemption to the personal attendance requirements for the settlement conference. Docket No. 35 at 2. Additionally, the declaration demonstrates a significant violation of the Court's Local Rules.

LR IA 11-1(b) applies to an attorney "who is admitted to practice in Nevada but who does not maintain an office in Nevada." LR IA 11-1(b)(1). The rule requires that

> Upon filing any pleadings or other papers in this court, an attorney who is subject to this rule must either (i) associate a licensed Nevada attorney maintaining an office in Nevada or (ii) designate a licensed Nevada attorney maintaining an office in Nevada for service of papers, process, or pleadings required to be served on the attorney, including service by hand delivery or facsimile transmission. An attorney who is admitted in Nevada but does not maintain a Nevada office as identified in subsection (b)(1) must, upon initial appearance, file a notice that (i) informs the court the attorney is appearing under subsection (b)(1) and (ii) identifies the name and contact information of the associated or designated Nevada attorney. The name and office address of the associated or designated attorney must be endorsed on the pleadings or papers filed in this court, and service on the associated or designated Nevada attorney will be deemed to be service on the out-of-state attorney.

LR IA 11-1(b)(2).

Counsel for Defendant has represented that he is an attorney admitted in Nevada. Docket No. 37 at 2. As he does not maintain a Nevada office, he is in violation of LR IA 11-1(b).[1]

Accordingly, the Court **VACATES** the August 15, 2017, settlement conference and **ORDERS** Defendant's counsel to comply in full with LR IA 11-1(b), no later than August 30, 2017. The Court further **ORDERS** the parties to meet and confer regarding a new date for the settlement conference. No

---

[1]Counsel further appears to be in violation of LR IC 2-1. The address he has associated to his CM/ECF account appears not to be either his address or the address of the company whose address he has been using. See Docket; Docket No. 37.

2

later than August 21, 2017, the parties shall file a stipulation with the Court, containing five dates on which all required settlement conference attendees are available to personally appear for a settlement conference.

DATED: August 11, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge